UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JULIUS REICH,

                        Petitioner,                      **ORDER**

    -against-

                                                                  24 Civ. 1943 (KMK) (AEK)

SUPERINTENDENT LYNN LILLEY,

                        Respondent.

-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       This Court has received the parties' submissions in connection with this habeas proceeding brought pursuant to 28 U.S.C. § 2254.  *See* ECF Nos. 3, 12, 13, 15, 16, 17, 31.  Based on this Court's preliminary review of the papers, it appears that a potentially dispositive question has arisen with respect to the timeliness of this habeas petition, and that issue requires further briefing.  The parties' filings establish the following timeline:

- After entering a guilty plea on May 22, 2018, Petitioner was sentenced on August 15, 2018.  *See* ECF No. 17.

- Petitioner's direct appeal, which sought a reduction of his sentence, was denied by the Appellate Division, Second Department on August 26, 2020.  *See People v. Reich*, 186 A.D.3d 869 (N.Y. App. Div. 2020).

- Petitioner filed a motion with the Appellate Division, Second Department for leave to reargue his appeal, which was denied on November 13, 2020.  *See* ECF No. 16-26.  He also filed a motion for leave to appeal the Appellate Division's August 26, 2020 decision, which was denied by the New York Court of Appeals on February 21, 2021.  *See People v. Reich*, 36 N.Y.3d 1059 (2021).

- Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court seeking review of the New York Court of Appeals decision; therefore, his conviction became final on May 22, 2021, 90 days after the issuance of the order denying his application for leave to appeal to the New York Court of Appeals. *See McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003). Since May 22, 2021 was a Saturday, however, Petitioner's conviction became final for statute of limitations purposes on May 24, 2021. *See Davis v. Graham*, No. 16-cv-275 (FPG), 2018 WL 3996424, at *4 (W.D.N.Y. Aug. 21, 2018) (when 90th day fell on a weekend, deadline extended to next business day). Under AEDPA's one-year statute of limitations,[1] Petitioner had until May 24, 2022 to file his federal habeas petition.

- On May 26, 2022, two days after the expiration of the AEDPA statute of limitations, Petitioner submitted to the Supreme Court, Westchester County his N.Y. Crim. Proc.

---

[1] AEDPA's one-year limitations period for the filing of a federal habeas petition begins to run from the latest of four possible dates: (1) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which a government-created impediment to filing a habeas petition is removed; (3) the date on which the constitutional right asserted is initially recognized by the Supreme Court, if the right has been made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). It is undisputed that the first circumstance applies here. *See* ECF No. 31 ("Reply Mem.") at 21 ("After Reich entered a plea of guilty and was sentenced he filed an appeal, which was denied. He then applied for leave to appeal before the New York State Court of Appeals. Pursuant to another denial, the clock for this application started . . . .").

Law § 440.10 motion. *See* ECF No. 16-28.[2] The Supreme Court, Westchester County denied the motion on May 1, 2023, *see* ECF No. 16-31, and Petitioner's application for leave to appeal the denial of his § 440.10 motion was denied by the Appellate Division, Second Department on January 26, 2024, *see* ECF No. 16-34.

- Petitioner filed this habeas petition on March 14, 2024, 48 days later. ECF No. 1.[3]

Based on the foregoing timeline—because the filing of the § 440.10 motion appears to have come after the expiration of the one-year AEDPA statute of limitations, and therefore could not have stayed that deadline—the instant habeas petition may have been untimely filed by almost two years. *See, e.g., Smith v. Uhler*, No. 23-cv-7842 (CS) (AEK), 2024 WL 3906665, at *3 (S.D.N.Y. Aug. 13, 2024) ("[A] state post-conviction or collateral review application filed after the statutory limitation period has expired does not reset the one-year clock."); *Gonzalez v. Superintendent, Five Points Corr. Facility*, No. 19-cv-1084 (NSR) (AEK), 2021 WL 982687, at *5 (S.D.N.Y. Feb. 9, 2021) ("[T]he limitation period could have been tolled pursuant 28 U.S.C. § 2244(d)(2) during the pendency of the § 440.10 motion, but only if Petitioner's § 440.10 motion had been filed before the original limitation period expired."), *adopted by* 2021 WL 981674 (S.D.N.Y. Mar. 15, 2021).

---

[2] While the § 440.10 motion was stamped as received by the Westchester County District Attorney's Office on May 20, 2022, it was stamped as received by the Hon. Robert A. Neary of the Supreme Court, Westchester County, on May 26, 2022. *See* ECF No. 16-28. Petitioner does not argue otherwise; rather he states that because his § 440.10 motion and subsequent leave application "stopped the [statute of limitations] clock," the fact that the motion was filed six days after it was served "is not dispositive on this [timeliness] issue." Reply Mem. at 22-23. Petitioner states that his § 440.10 motion was filed "well before a year," *id.* at 22, but it is not clear how Petitioner's counsel reached that conclusion, and no explanation is provided in the briefing.

[3] The Court deems the petition to have been filed on March 14, 2024, even though there was a filing error which required Petitioner to re-file the petition, and the petition was not properly re-filed until March 20, 2024. *See* ECF No. 3.

In "rare and exceptional circumstances," the Court can equitably toll the AEDPA limitations period, allowing a petition filed outside of the one-year limitations period to be considered timely. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (cleaned up). To be eligible for equitable tolling, a petitioner must show that (1) extraordinary circumstances prevented him or her from filing the petition on time, and (2) the petitioner acted with reasonable diligence throughout the period he or she seeks to toll. *Id.*; *see Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Supreme Court also has held that a claim of actual innocence may provide an "equitable exception" to the AEDPA limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392-93 (2013). A petitioner's burden in making what is known as a "gateway showing of actual innocence" is "deliberately demanding." *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (quotation marks omitted). "It requires, first, that petitioner adduce 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "In addition to being reliable, *i.e.*, credible, the evidence must be compelling." *Id.* at 657. "This second requirement demands 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* (quoting *Schlup*, 513 U.S. at 316). Furthermore, "[t]he standard's demand for evidence of innocence references factual innocence, not mere legal insufficiency." *Id.* (cleaned up). While the new evidence "need not demonstrate factual innocence to an absolute certainty," it "must be sufficiently credible and compelling to allow a federal court to conclude that more likely than not, in light of the new evidence, no reasonable juror would find petitioner guilty beyond a reasonable doubt—or, to

4

remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *Id.* (cleaned up).

In response to Respondent's contention that the petition is untimely, *see* ECF No. 16 at 1-4, Petitioner does not concede the untimeliness of his petition, but he fails to explain how he calculated the one-year statute of limitations such that his petition may be deemed timely. *See* Reply Mem. at 2, 21-22. At the same time, he claims, in the alternative, that he is entitled to either equitable tolling of the statute of limitations or an exception to the application of the statute of limitations based on a showing of actual innocence, without meaningfully addressing the applicable legal criteria set forth above. *See id.* at 2-3, 22-24.

Because the timeliness of the petition—or the applicability of any basis to excuse the untimeliness of the petition—may be dispositive, the Court requires further briefing on these issues. Accordingly, **by no later than May 16, 2025**, Petitioner must file a supplemental brief, no longer than 15 pages double-spaced, addressed to these issues. More specifically,

- if Petitioner contends that the petition is timely, then he must explain how he calculated the applicable limitations period and why the Court should find that the petition was filed within that period; and/or

- if Petitioner contends that the limitations period is subject to equitable tolling, then he must explain how he satisfies the two-factor test articulated in *Smith v. McGinnis*, *supra*; and/or

- if Petitioner contends that his claims fall within the "equitable exception" to the statute of limitations based on a gateway claim of actual innocence, then he must explain how his showing of actual innocence meets the "deliberately demanding" standard applicable to such a claim, as set forth in *Hyman v. Brown*, *supra*, and in particular, explain how, and

5

provide legal support for any contention that, his new evidence establishes factual innocence, not just legal insufficiency.

Respondent may file a responsive brief, also no longer than 15 pages double-spaced, **by no later than June 6, 2025**.

Dated: April 29, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge